IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:25-CV-00056-KDB-SCR

| | |
|---|---|
| JEFFREY S. CLEGG,<br><br>Plaintiff,<br><br>v.<br><br>JACOB PRESNELL,<br><br>Defendant. | MEMORANDUM AND ORDER |

In 2024, Statesville, North Carolina police officer Jacob Presnell arrested Plaintiff Jeffrey Clegg for fleeing the scene during a traffic stop. Clegg filed this action to assert a claim under 42 U.S.C. § 1983 related to that arrest. Now before the Court is Defendant Presnell's Motion to Dismiss Clegg's claim. (Doc. No. 8) The Court has carefully considered this Motion, the Complaint and attachments, and the parties' briefs in support and in opposition. For the reasons discussed below, the Court will **GRANT** the Motion.

I. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The Court, however, accepts all well-pled facts as true and draws all reasonable inferences in Plaintiff's favor.

1

*See Conner v. Cleveland Cty., N. Carolina*, No. 19-2012, 2022 WL 53977, at *1 (4th Cir. Jan. 5, 2022); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). In so doing, the Court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Pa. Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc.*, 932 F.3d 268, 274 (4th Cir. 2019). Construing the facts in this manner, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Pledger v. Lynch*, 5 F.4th 511, 520 (4th Cir. 2021) (quoting *Ashcroft*, 556 U.S. at 678). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

When deciding a motion to dismiss, "a court considers the pleadings and any materials 'attached or incorporated into the complaint.'" *Fitzgerald Fruit Farms LLC v. Aseptia, Inc.*, 527 F. Supp. 3d 790, 796 (E.D.N.C. 2019) (quoting *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448). The Court may also consider documents attached to a motion to dismiss when they are "integral and explicitly relied on in the Complaint," and where "plaintiffs do not challenge [the document's] authenticity." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015).

Further, this Court is required to liberally construe pro se complaints, which are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft,* 556 U.S. at 684 (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

## II. FACTS AND PROCEDURAL HISTORY

On May 20, 2024, while on duty, Statesville Police Officer Jacob Presnell stopped Clegg on Wilson Lee Boulevard. Doc. No. 1 at 4. According to Clegg, the stop revealed that his license had been suspended for at least eight days, although he claims to have been unaware of the suspension.[1] *Id.* During the stop, Officer Presnell reviewed the license and returned it to Clegg, who then drove off toward his driveway (which Clegg alleges was about 250 feet away from where he was stopped). *Id.* Clegg does not contend that Officer Presnell permitted him to leave the scene. Officer Presnell subsequently arrested Clegg and charged him with (1) "M – Flee/Elude Arrest W/MV (M)" in violation of N.C. Gen. Stat § 20-141.5(A), and (2) "M – DWLR Not Impaired Rev" in violation of N.C. Gen. Stat. § 20-28(A). Doc. No. 1-1 at 2.

On April 14, 2025, Clegg filed this suit against Officer Presnell in his individual capacity only, alleging he was falsely arrested for fleeing because he was only driving "about 15 miles an hour," although the police report states that he was driving ten miles per hour over the speed limit at 35. Doc. Nos. 1 at 4; 1-1 at 3. On April 16, 2025, Clegg attempted to serve the Summons and Complaint on Officer Presnell at the Statesville Police Department but was told by "Corporal Turner" that the suit could not be accepted. Doc. No. 3. The next day, Clegg mailed a copy of the Summons and Complaint to the "Chief of police of the Statesville Police Dept. [a]nd to Stephanie Adkins, the lawyer for the Statesville [P]olice," using the same mailing address. Doc. No. 4 at 4. Both sets of documents were signed for by "Rodney Garner." *Id.* On May 16, 2025, Officer Presnell filed a Motion to Dismiss, alleging that Clegg both failed to state a claim and properly serve him, and Clegg timely responded. The matter is fully briefed and ripe for this Court's review.

---

[1] However, Clegg attaches to his Complaint a notification related to his license suspension. Doc. No. 1-1 at 1. The notification is dated "04/15/2024" and warns him that "[e]ffective 12:01 a.m. 05/12/2024" his "North Carolina driving privilege is suspended indefinitely." *Id.*

### III. DISCUSSION

Because the Court favors resolution on the merits over procedural grounds, the Court will focus its consideration on whether Clegg plausibly alleged a Section 1983 claim based on his allegation that he was unlawfully arrested for fleeing a traffic stop. In order to bring a claim for unlawful arrest, under either federal or state law, a plaintiff must allege that the arrest was made without probable cause. *See Miller v. Prince George's Cty., MD*, 475 F.3d 621, 627 (4th Cir. 2007); *Myrick v. Cooley*, 91 N.C. App. 209, 213 (1988). Probable cause requires the Court to review the totality of the circumstances and "is informed by the 'contours of the offense' at issue." *See Hupp v. Cook*, 931 F.3d 307, 318 (4th Cir. 2019) (quoting *Rogers v. Pendleton*, 249 F.3d 279, 291 (4th Cir. 2001)). Probable cause exists if the "facts and circumstances within the officer's knowledge ... are sufficient to warrant a prudent person ... in the circumstances shown, [to conclude] that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979). "The validity of the arrest does not depend on whether the suspect actually committed a crime; the mere fact that the suspect is later acquitted of the offense for which he is arrested is irrelevant to the validity of the arrest." *Id.* at 36.

"In assessing the existence of probable cause, courts examine the totality of the circumstances known to the officer at the time of the arrest." *Taylor v. Waters*, 81 F.3d 429, 434 (4th Cir. 1996). "Probable cause requires more than 'bare suspicion,' but requires less than evidence necessary to convict." *Porterfield v. Lott*, 156 F.3d 563, 569 (4th Cir. 1998). Also, reasonable law enforcement officers need not "resolve every doubt about a suspect's guilt before probable cause is established." *Torchinsky v. Siwinsky*, 942 F.2d 257, 264 (4th Cir. 1991). Probable cause is a "commonsense, nontechnical" concept that deals "with the factual and practical

considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Ornelas v. United States*, 517 U.S. 690, 695 (1996) (internal citations omitted).

In North Carolina, it is a misdemeanor "to operate a motor vehicle on a street, highway, or public vehicular area while fleeing or attempting to elude a law enforcement officer who is in the lawful performance of his duties." N.C. Gen. Stat. § 20-141.5(a). In his Complaint, Clegg admits that Officer Presnell was conducting a traffic stop due to his suspended license and that he drove away from Officer Presnell despite knowing his license was suspended.[2] While Clegg takes issue with Officer Presnell's report that he was driving 35 miles an hour (and not 15, as he alleges), that dispute is irrelevant for purposes of a misdemeanor flee charge under the statute.[3] Accordingly, Officer Presnell had probable causes to arrest Clegg. *See* N.C. Gen. Stat. § 15A-401(b)(1) (when a criminal offense is committed in an officer's presence, the officer may arrest the perpetrator without a warrant).

But, even if the Court determined that Officer Presnell lacked probable cause for Clegg's arrest (which he did not), it would find that Officer Presnell has qualified immunity as to Clegg's Section 1983 claim. When, as here, a law enforcement officer is sued in his individual capacity, he is "entitled to invoke qualified immunity, which is ... immunity from suit itself." *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). "Qualified immunity protects officers who commit constitutional violations but who, in light of clearly established law, could reasonably believe that

---

[2] Even if the Court assumes that Clegg didn't know his license was suspended before the stop occurred, he admits that Officer Presnell informed him of his suspended license. Doc. No. 1 at 4.

[3] Plaintiff also claims he would have had to drive over 15 miles per hour over the speed limit to be liable for fleeing, which the record shows he did not do. Doc. No. 1 at 6. However, Plaintiff misstates the statute. Driving 15 miles per hour over the speed limit is one of several factors–as is driving with a suspended license–that if present, can covert the misdemeanor of fleeing into a Class H Felony. *See* N.C. Gen. Stat. § 20-141.5(b)(1)-(8).

their actions were lawful." *Knibbs v. Momphard*, 30 F.4th 200, 214 (4th Cir. 2022) (quoting *Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011)). The doctrine balances two important values– "the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). The Fourth Circuit has stated:

> The basic rules of § 1983 [qualified] immunity are well known. Underlying the doctrine is a desire to avoid overdeterrence of energetic law enforcement by subjecting governmental actors to a high risk of liability. The concerns behind the immunity defense are especially salient in the context of street-level police work, which frequently requires quick and decisive action in the face of volatile and changing circumstances. The law thus shields police officers from civil liability unless the officer reasonably should have known that his actions violated clearly established constitutional rights.

*Rowland v. Perry*, 41 F.3d 167, 172 (4th Cir. 1994) (citations omitted).

In carrying out the qualified immunity analysis, a court's "first task is to identify the specific right that the plaintiff asserts was infringed by the challenged conduct." *Winfield v. Bass*, 106 F.3d 525, 530 (4th Cir. 1997). The court then engages in a two-step inquiry, asking "whether a constitutional violation occurred" and "whether the right violated was clearly established" at the time of the official's conduct. *Pearson*, 555 U.S. at 231; *Melgar ex rel. Melgar v. Greene*, 593 F.3d 348, 353 (4th Cir. 2010). Courts have discretion to take these steps in either order. *Id.*

As discussed above, the Court finds that a constitutional violation did not occur, so it need only further address the second alternate question. A right is "clearly established" if "the contours of the right [are] sufficiently clear that a reasonable officer would understand that what he is doing violates that right." *Hill v. Crum*, 727 F.3d 312, 321 (4th Cir. 2013) (quoting *Wilson v. Layne*, 526 U.S. 603, 615 (1999)). The inquiry into whether a right is clearly established must "be undertaken in light of the specific context of the case" and "not as a broad general proposition." *Saucier v. Katz*, 533 U.S. 194, 195 (2001).

It is not required, however, that a court previously found the specific conduct at issue to have violated an individual's rights. *Melgar,* 593 F.3d at 258; *see also Anderson v. Creighton,* 483 U.S. 635, 640 (1987). The unlawfulness of the officer's conduct need only be manifestly apparent from broader applications of the constitutional premise in question. *Id.* Put differently, a right may be clearly established if a general constitutional rule already identified in the decisional law applies with obvious clarity to the specific conduct in question. *E.W. by & through T.W. v. Dolgos*, 884 F.3d 172, 185 (4th Cir. 2018); *A.G. v. Fattaleh*, No. 520CV00165KDBDCK, 2022 WL 2758607, at *8–9 (W.D.N.C. July 14, 2022).

With respect to his claims of false arrest, Clegg has not offered, nor has the Court found, any authority that would clearly establish that a reasonable officer would have known that there was no probable cause to arrest him under the facts alleged. To the contrary, as discussed above, Officer Presnell had probable cause to arrest Clegg under the circumstances. Therefore, Officer Presnell is entitled to dismissal based on qualified immunity for Clegg's Section 1983 claims based on "false arrest."[4]

### IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion to Dismiss (Doc. No. 8) is **GRANTED**; and
2. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.   Signed: October 29, 2025

Kenneth D. Bell
United States District Judge

---

[4] Officer Presnell also alleges that the claim should be dismissed for insufficient service of process under Federal Rule of Civil Procedure 4; however, the Court need not reach the merits of that argument.